# Crum's Appeal.

An oil company was formed, with $4000 capital in shares, which was not to be increased without the consent of a majority of the stockholders, no authority was given to the managers to borrow money. The president bought a lot for oil operations and he and others borrowed money for its payment, on their individual credit; the managers passed a resolution ratifying the transaction, money was paid by the individuals borrowing it. *Held*, that the managers having no authority to borrow money, or to increase the capital, their ratification was ineffectual and the other stockholders were not bound to contribute to the payment of the money.

October 28th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Court of Common Pleas of *Cambria county:* In Equity: No. 40, of October and November Term 1870.

On the 26th of August 1867, Ephraim Crum and Aaron Sherbine filed a bill against S. M. Kern, A. Thompson, H. Allenbaugh, G. W. Kerby, James M. Cooper, and 23 others, which set out—

1. The formation in August 1868, of an association under the name of The Perseverance Oil Company.

2. The election of the five defendants named and the plaintiffs managers of the company; the purchase by the managers of an acre of land and the lease of another for nine years in Muskingum county, Ohio, having two oil-wells sunk in them, with engine, &c., for working.

3. The entering of the company upon the lots, and after sinking other wells and working for some time, the abandonment of the enterprise as impracticable.

4. For the purpose of raising money to purchase the lease, engine, &c., at the request of the association, E. Crum (plaintiff), G. W. Kerby and H. Allenbaugh (defendants), gave their note to one J. Miller for $619.50, which had since been paid by the

plaintiff, and for the same purposes Crum, Kerby, Thompson and Allenbaugh gave their obligation to one Mary Patton for $600, and under an execution on a judgment recovered on it, Kerby's personal property was sold for $265.45, and Crum's for $71, and the balance continued a lien on his real estate.

5. Crum, at the request of the company, went to Muskingum county, Ohio, on their business, in which he incurred $38 expenses.

7. There had been no settlement of the partnership accounts, the plaintiffs had frequently asked for a settlement, which the defendants refused.

The prayer was that the partnership be declared void; that an account be taken, and that the defendants be decreed to pay the several sums of $1219.50 and $38 with interest, and for general relief.

The answer admitted the formation of the association, denied that the managers were authorized to purchase or lease any oil territory, as averred in the bill, or that they were authorized to borrow the sums named in the bill from Miller and Patton, but if borrowed at all, it was "by the persons borrowing the same on their own motion"; and denied knowledge of the plaintiff's having expended $38 on behalf of the company. No replication was filed. William H. Sechler, Esq., was appointed examiner and master.

The following were articles of agreement for the association:—

"Article 2. Capital stock of the company shall consist of four hundred shares, at ten dollars each, or $4000—which shall not be increased without the consent of the majority of the stockholders.

"Article 3. Assessments may be made on the shares for boring and other purposes. But said assessments shall not exceed $2 per share without consent of majority of stockholders."

The managers elected were G. W. Kerby, S. M. Kern, S. R. Cooper, E. Crum, A. Sherbine, A. Thompson, H. Allenbaugh.

The minutes of the company show as follows:—

"A meeting of the stockholders was held October 1st 1866, in pursuance of notice given by the president, at which it was resolved to increase the capital stock of the company to an amount not to exceed two hundred shares at $10 each, for the purpose of purchasing engine and fixtures for pumping, and additional territory.

"It was further resolved, that whatever additional stock should be taken pursuant to this resolution, be received on an equal footing with the original stock subscribed, by paying one dollar assessment on each share so subscribed, and one-half the subscription cash, and the balance in thirty days from this date.

"October 22d 1866. Directors met at the call of the president, full board being present. * * *

[Crum's Appeal.]

" On motion it was resolved, that the $1200 borrowed by Messrs. G. W. Kerby, A. Thompson, H. Allenbaugh and E. Crum, and invested in the purchase of engine and fixtures, and additional oil territory, be legalized and assumed by this company."

The master reported that $4000 in stock had been subscribed and more than half paid in, and that the company bought " Lot No. 58" for $4000, subsequently another lot, " No. 9," in the same territory, with its engine and fixtures was offered for sale, this lot, &c., were purchased by G. W. Kerby, the president, for $1200, on the 11th of October 1866. On the 10th of October, Crum, Kerby and Allenbaugh received from Miller $600, for which and the discount ($19.50), they gave to Miller their note of the same date, payable in three months, for $619.50 ; the note was paid by the plaintiffs. Mrs. Patton on the 7th of October 1866, lent to Kerby, Crum, Allenbaugh and Thompson $600, and took their judgment-note, payable in two months, which was entered, and a sale of Kerby's and Crum's goods made as set out in the bill. On the 11th, Kerby as president paid $1200 for lot No. 9 and fixtures ; the $1200 thus received were expended in the purchase of lot No. 9, fixtures, &c.

The master further found that Kerby had no authority to purchase lot No. 9, &c. ; that the managers had no authority to borrow money, and that their resolution of October 22d 1866, assuming to ratify the transaction, had no validity. He reported against a decree for the payment of the $1200, but recommended that the plaintiff, Crum, have a decree for the payment of the $38 expended by him.

The plaintiffs filed exceptions to the report; the defendants also filed exceptions to the part of the master recommending the payment of $38 to the plaintiff for expenses.

The court dismissed the bill, with costs.

The plaintiffs appealed to the Supreme Court, and assigned the decree of dismissal for error.

*G. M. Reade*, for appellants.

*R. L. Johnston*, for appellees.

The opinion of the court was delivered, January 3d 1871, by

READ, J.—This is a suit growing out of a voluntary association of individuals under the name of The Perseverance Oil Company, entered into during the months of August and September 1866, for the purpose of prosecuting the oil business. This bill was filed by the plaintiffs to which the defendants filed an answer. A master was appointed, who filed a clear and able report which was sustained by the court except in one unimportant particular, and the bill dismissed at the costs of the complainants.

[Crum's Appeal.]

The plaintiffs and individuals connected with them purchased lot No. 9 as shown on the plan of the lots of the Ohio Salt Creek Company, and that the price paid for said lot with engine and fixtures on it was $1200, the time of the purchase, the 11th October 1866. This was without any authority, and the money was borrowed and paid for it without any authority, it being simply an individual purchase in which the company or association had either lot nor part.

These facts are distinctly found by the master. This disposes of the claim for $1200 upon which this bill is based.

The only other matter is a small claim of one of the plaintiffs of $38 for travelling expenses, which if correct should be recovered before a justice of the peace, and not made a peg to hang a suit in equity on, with all its cumbrous and expensive proceedings.

Decree affirmed at the costs of the appellant.